# Sharples, Appellant, v. McCornack.

*Equity—Patents—Assignment—Evidence.*

In a suit in equity by a manufacturer against a former employee to procure the assignment to the plaintiff of a patent, it was alleged that the article for which the patent was granted was invented while the defendant was in plaintiff's employ as an inventor and experimenter under an agreement providing that any new thing which defendant should produce during the term of his service, was to be the exclusive property of plaintiff. The referee found on amply sufficient evidence that before such agreement was entered into, defendant had been in plaintiff's employ, that he had left that employ, and had invented the patented article, and that thereafter the agreement was made; and that after the making of the agreement plaintiff had the exclusive use of the invention, subject to the payment of a royalty. *Held,* the lower court properly refused to decree an assignment of the patent.

Argued March 20, 1916. Appeal, No. 457, Jan. T., 1915, by plaintiff, from decree of C. P. No. 1, Philadelphia Co., Sept. T., 1912, No. 6225, in equity, on bill in equity for the assignment of a patent and cross bill for an accounting, in case of Philip M. Sharples v. Herbert McCornack; Herbert McCornack v. Philip M. Sharples. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Bill in equity to compel the assignment of a patent.

Exceptions to report of J. B. Colahan, Jr., Esq., Referee.

The opinion of the Supreme Court states the facts.

The court refused the relief prayed for in the original bill. Plaintiff appealed.

*Errors assigned* were in dismissing various exceptions to findings of fact and law of the referee and the decree of the court.

*Charles N. Butler* and *Alex. Simpson, Jr.,* with them *Thomas S. Butler,* for appellant.

*Frank P. Prichard,* with him *John G. Johnson,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 1, 1916:

P. M. Sharples filed this bill in equity against Herbert McCornack, to procure the assignment to himself of certain letters patent of the United States, for improvements in centrifugal separators, and appliances connected therewith, which had been granted to McCornack. It was alleged that the inventions described were made while McCornack was employed as inventor and experimenter by Sharples, under an agreement by which any new thing which McCornack should produce during the term of his service was to be the exclusive property of the said Sharples. The defendant, McCornack, filed a cross bill praying for an account, and a decree for the payment of royalties due under the agreement. It appears from the record that, on August 10, 1899, Sharples and McCornack made a contract, by which the latter gave to Sharples the sole right to manufacture and sell two of his inventions, for which applications for letters patent were then pending. One of them was for a steam turbine, and the other was for an improvement in centrifugal liquid separators. Sharples was to pay a royalty for each machine upon which either of the improvements was used. McCornack was also to be paid a salary, and was to devote himself to the interests of Sharples, and, as above noted, it was stipulated that any new thing he produced during his term of service was to be the property of Sharples.

Following the execution of this contract, the application then pending for the centrifugal separator was abandoned, and in its place another application was filed, covering part of the subject-matter of the former application, and upon this patent No. 699,217 was issued

to McCornack on March 6, 1902. It is over the ownership of this patent that the dispute has arisen. McCornack continued in the employment of Sharples until some time in the year 1909, and royalties to a large amount were paid to him in accordance with the terms of the agreement. Various improvements in the machine were made from time to time, for which McCornack applied and obtained letters patent. Admittedly these patents were to be assigned as the property of Sharples, but it does not appear that any request that they should be so assigned was made until 1908, and when, in May, 1909, an assignment prepared by the attorney for Mr. Sharples was presented to McCornack to be executed by him, there was included, among the others in the list, patent No. 699,217. This was the patent for the centrifugal separator referred to in the agreement of August 10, 1899, and was the original patent upon which the royalty contract was based, and upon which royalty has been paid for years by Mr. Sharples. As McCornack claimed that this patent was and had always been his own property, subject to the exclusive right to its use which had been granted to Sharples, he refused to include it in the assignment, but offered to assign all the other patents named. From the correspondence in this connection between the parties, as shown by the evidence, it appears that when Sharples asked McCornack for an assignment of patent No. 699,217 he admitted that it would be subject to the payment of royalty, and that it did not stand upon the same basis as the other patents which, under the contract, were to be assigned to him absolutely. But when the original bill in this case was filed, on November 30, 1912, no such distinction was made, and the assignment of patent No. 699,217 was demanded as covering an invention which it was alleged was made during the period of service covered by the agreement. The answer of McCornack, however, set forth that the invention described in patent No. 699,217 was not for any new thing discovered during the period

of his employment from 1899 to 1909, but that it was for the invention referred to in the contract of August 10, 1899, as a centrifugal separator, upon which royalty was to be paid. After considerable testimony had been taken, it seems to have been practically conceded by plaintiff that the invention in question was not made after the date of the agreement, for, on January 21, 1914, the bill was amended, so as to set forth that in the year 1894, defendant was employed by plaintiff as an inventor and experimenter, under an agreement that anything invented by him during the period of employment should be the property of plaintiff; that period ended in the spring of 1897. The effect of the amendment, was to charge defendant with having made the invention set forth in patent No. 699,217 during that period of employment; if he did, the invention rightfully belonged to plaintiff. In his answer to the amended bill, McCornack denied that the invention in question was made while he was in the employ of plaintiff, and he positively averred that it was made after he left that employment in 1897, but prior to the making of the subsequent agreement on August 10, 1899.

The referee has found upon ample testimony, that patent No. 699,217 was not for an improvement which was the result of invention subsequent to the license agreement of August 10, 1899. The referee also found that the invention in question was not made during the earlier period of defendant's employment, between 1894 and 1897. After a careful examination of the record we can see no reason to differ from the conclusion reached by the referee, in these respects. That plaintiff was entitled to every invention made by McCornack while he was in the employ of Sharples is freely admitted. But the testimony of McCornack shows that while he first conceived the possibility of the machine covered by patent No. 699,217 in June, 1897, he experimented upon it for months thereafter before he was able to complete the invention. He admitted that prior to

leaving the employment of Sharples he may have had a thought as to the plan of a machine in part adapted to do the work of the separator, but it did not cover the method of operation which he devised and afterwards set forth in the specifications and claims of letters patent No. 699,217, which covered the specific combination of various parts of a machine, by which milk could be projected by a separate fixed nozzle into the axial center of an overhead supported bowl. We can find nothing in the evidence which would fairly justify any other conclusion than that the combination of parts in the machine, as set forth and described in the letters patent, was not invented or produced by McCornack while in the employ of Sharples, during the period ending in May, 1897. It necessarily follows that when in August, 1899, he negotiated with Mr. Sharples for a license for the invention in question, which had then been completed, and for which an application for patent was pending, the negotiations were for an invention which he had produced after he left the employ of Mr. Sharples in May, 1897. It is true that Mr. Sharples testified that Mr. McCornack said, when he quit his employment at that time, that he had an important invention which he would not divulge unless a royalty was paid to him. But Mr. McCornack positively denies making any such statement, and denies that he had made any such invention at that time. The fact that Mr. Sharples made no reference to any such statement when he renewed negotiations with Mr. McCornack nearly two years afterwards, and made no inquiry as to the identity of that or any former invention with the one for which he then agreed to pay a royalty, tends to show that Mr. Sharples was mistaken in this respect.

There is no merit in the suggestion that part of the invention represented by the subject-matter of the first claim of the patent, was invented before the date of the license agreement, and that the subject-matter covered by the second and third claims was invented partly be-

fore and partly after that date. The original applica-
tion was filed in the patent office as No. 654,809, but as
that application was considered to be too broad, it was,
with the consent of all concerned, withdrawn, its sub-
ject-matter was divided, and a new application with re-
stricted claims was filed. This was done with the full
knowledge and consent of Mr. Sharples, and apparently
at the suggestion of his expert adviser in patent matters.
As finally granted the patent contained nothing in the
way of invention which had not been shown and included
in the former application. The record shows that Mr.
Sharples withheld large amounts which were due as
royalties to Mr. McCornack, upon the plea that the pat-
ents which, under the terms of the agreement, were his
property, had not been assigned to him. But that he
had the full use of the patents is not denied, and it also
appears that Mr. McCornack was ready and willing,
whenever requested to do so, to assign all the patents ex-
cept No. 699,217, which was his own property, upon
which the license agreement of August 10, 1899, was
based. Had Mr. Sharples been willing to accept an as-
signment of the patents to which he was entitled, it is
clear that he might have had it from Mr. McCornack at
any time upon request.

A careful examination of the evidence has satisfied us
that it is ample to sustain the conclusion of the referee
that the invention covered by patent No. 699,217 was not
made during any period of time in which the defendant
was in the service of the plaintiff under an agreement
which bound him to assign to plaintiff anything and
everything which he might invent or produce during the
period.

The evidence also justifies the further conclusion that
the invention in question was made at a time when de-
fendant was under no obligation to assign it to any one
else.

The assignments of error are overruled, and this ap-
peal is dismissed at the cost of appellant.